KLOTS *et al.* v. FINCKE *et al.*, appellants.

*Practice — irregular appeal — frivolous defense — what is not.*

An appeal was made from an order directing judgment, and not from the judgment. *Held,* that the respondent could avail himself of the irregularity only by a motion to dismiss the appeal.

In an action against a married woman, as indorser of a note, the answer put in issue the demand of payment and notice of non-payment, and averred that her indorsement was procured while under duress. *Held,* that the answer was not frivolous.

APPEAL from an order of the special term directing judgment upon the answers of the defendants as frivolous.

The action was brought to recover $2,411, besides interest and protest fees. The complaint alleged that Robert Fincke, one of the defendants, made his promissory note for the above-named sum payable to the order of the other defendant, Wilhelmina Fincke, who is the wife of Robert; that said Wilhelmina had a separate estate, and that previous to the maturity of the note " for the benefit of her separate estate, and with intent and upon the express agreement that the same should be charged thereby, indorsed and transferred the said note to these plaintiffs for a valuable consideration, and in and by said indorsement expressly declared and agreed that the same was for the benefit of her separate estate and chargeable thereon." The presentment, non-payment and protest of the note, and notice thereof to defendants, were also alleged.

Defendants answered separately. Robert Fincke admitted that he made a promissory note during the month mentioned in the complaint for the amount, and payable about the time stated, but averred that he had not knowledge or information sufficient to form a belief as to whether the note made was the same mentioned in the complaint, and he, therefore, denied the same. Want of consideration was also alleged.

The defendant, Wilhelmina Fincke, admitted the indorsement of a note, and denied knowledge as to whether it was the same mentioned in the complaint, alleged want of consideration and averred that the indorsement was through the command and compulsion of her husband, " all of which was well known to the plaintiffs at the time they received the note." She also denied that "she indorsed said

note for the benefit of her separate estate, and with intent and upon the express agreement that the same should be charged thereby or that her separate estate ever received any benefit or consideration whatever.

In each answer the allegations of the complaint not admitted specifically were denied. A motion was made for judgment upon the answers of the defendants, and each of them as frivolous, which was granted at the Kings special term, May 26, 1873. Upon this order judgment was duly entered.

*J. H. Cornell,* for appellants. The answers of defendants, and especially that of Wilhelmina Fincke, are not frivolous. *Youngs* v. *Kent,* 46 N. Y. 672; *Allis* v. *Leonard,* id. 688; *Saxton* v. *Dodge,* 57 Barb. 111; *People* v. *Northern R. R. Co.,* 42 N. Y. 217; *Weaver* v. *Barden,* 49 id. 286.; Code, §§ 149, 159; *Alcott* v. *Carroll,* 39 N. Y. 36; *Newell* v. *Doty,* 33 id. 83; *Wayland* v. *Tysen,* 45 id. 281; Const., art. 1, § 2; *Ward* v. *Waterhouse,* 2 Rob. 653; *Bryant* v. *Bryant,* id. 612; *Juniata Bank* v. *Hale,* Redf. & B. Lead. Cases, 423; *Murson* v. *Hall,* id. 290; *Corn. Ex. Ins. Co.* v. *Babcock,* 42 N. Y. 613; *Phillips* v. *Wicks,* 14 Abb. N. S. 380. The order is appealable. *De Barante* v. *Deyermand,* 41 N. Y. 355; *Foote* v. *Lathrop,* id. 358; Laws 1870, chap. 741; Code § 11, subd. 4.

*Theo. F. Jackson,* for respondents. The order was not appealable. Appeal should have been taken from the judgment entered thereon. Code, § 349; *Witherhead* v. *Allen,* 28 Barb. 661; *King* v. *Stafford,* 5 How. 30; *Joannes* v. *Day,* 3 Rob. 650; *Hollister Bank* v. *Vail,* 15 N. Y. 593; *Briggs* v. *Bergen,* 23 id. 163. The answer of Robert Fincke was clearly frivolous. *Edwards* v. *Lent,* 8 How. 28; *Hance* v. *Rumming,* 2 E. D. Smith, 48. So was that of Wilhelmina. If the answer does not establish a good defense, the order should be sustained, although the answer is not frivolous. *Martin* v. *Kanouse,* 2 Abb. 328; *East River Bank* v. *Rogers,* 7 Bosw. 494.

GILBERT, J. It is a sufficient answer to the objection, that the appeal ought to have been from the judgment, to say, that it does not appear that any judgment has been entered. If such be the fact the respondent could avail himself of it only by motion to dismiss the appeal.

Upon the merits, we think the order, so far as it affects the

female defendant, was erroneous. Her answer puts in issue the averment of a demand of payment and notice of non-payment of the note, and avers that her indorsement was procured while under duress. These are substantial defenses and must be tried.

The answer of the other defendant is frivolous.

The order must be reversed as to the defendant Wilhelmina Fincke, and affirmed as to the other defendant without costs.

*Ordered accordingly.*